IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01877-CMA-BNB

DENNIS PAPPAS, and
NANCY PAPPAS.

Plaintiffs,

v.

AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY, and
KEVIN L. SCHNEIDER,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the plaintiffs' **Motion for Leave to File Amended Complaint** [Doc. # 31, filed 10/9/2013] (the "Motion to Amend"). I held a hearing on the Motion to Amend this morning and made rulings on the record, which are incorporated here. The Motion to Amend [Doc. # 31] is GRANTED.

The case originated in the District Court of Jefferson County, Colorado. It was removed here by American National Property & Casualty Company based on diversity of citizenship. Notice of Removal [Doc. # 1] at pp. 1-2. The First Amended Complaint [Doc. # 32] adds a party--Kevin L. Schneider--who is a Colorado resident and whose joinder destroys diversity jurisdiction. Section 1447(e), 28 U.S.C., provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." Remand is a dispositive act, and I may only recommend that it occur.

IT IS ORDERED that the Motion to Amend [Doc. # 31] is GRANTED, and the Clerk of the Court is directed to accept for filing the First Amended Complaint and Jury Demand [Doc. # 32].

I addition, I respectfully RECOMMEND that the action be REMANDED to the District Court of Jefferson County, Colorado, due to lack of subject matter jurisdiction.[1]

Dated October 30, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).